# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-746V
(Filed: February 21, 2014)

```
* * * * * * * * * * * * *
ANDREW LINNEN,                    *
                                  *     Stipulation; Influenza Vaccine;
Petitioner,                       *     Guillain-Barré Syndrome
                                  *
v.                                *
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
Respondent.                       *
* * * * * * * * * * * * *
```

*Lawrence Cohan*, Philadelphia, PA, for Petitioner
*Traci Patton*, Washington, DC, for Respondent

## UNPUBLISHED DECISION[1]

On February 20, 2014, Respondent filed a joint stipulation concerning the petition for compensation filed by Andrew Linnen on February 20, 2014. In his petition, Petitioner alleged that the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which he received on October 25, 2010, caused him to develop Guillain-Barré Syndrome (GBS). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents

---

[1]     Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. *Id.*

that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.  Stipulation at ¶¶ 2, 4, 5.

Respondent denies that the influenza vaccine caused Petitioner to suffer GBS or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a.   **A lump sum payment of $150,000.00 in the form of a check payable to Petitioner, Andrew Linnen.  This amount represents compensation for all damages, other than past medical expenses that would be available under 42 U.S.C. § 300aa-15(a).**

b.   **A lump sum of $115,529.28, for past medical expenses, in the form of a check jointly payable to Petitioner and**

**MUSC Health**
**P.O. Box 932933**
**Atlanta, GA 31193**
**Acct #: 104199831**

**Petitioner agrees to endorse this payment to MUSC Health;**

c.   **A lump sum of $189.13, for past medical expenses, in the form of a check payable jointly to Petitioner and**

**Inlet Cardiopulmonary Associates**
**P.O. Box 1169**
**Pauleys Island, SC 29585**
**Acct #: 136309**

**Petitioner agrees to endorse this payment to Inlet Cardiopulmonary Associates; and**

d.   **A lump sum of $1,157.63, for past medical expenses, in the form of a check payable jointly to Petitioner and**

**Georgetown Hospital System**
**P.O. Box 421718**
**Georgetown, SC 29442**
**Attention: Cathy Johnson, Legal Coordinator**

**Acct #: G6428656**

**Petitioner agrees to endorse this payment to Georgetown Hospital System.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-746V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Camille Collett, at (202) 357-6361.

**IT IS SO ORDERED.**

s/Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[2]     Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

### OFFICE OF SPECIAL MASTERS

ANDREW LINNEN,                          )
                                        )
                Petitioner,             )
                                        )
v.                                      )    No. 12-746V
                                        )    Special Master Hamilton-Fieldman
SECRETARY OF HEALTH AND HUMAN           )    ECF
SERVICES,                               )
                                        )
                Respondent.             )
                                        )

### STIPULATION

The parties hereby stipulate to the following matters:

1. Andrew Linnen, petitioner, filed a petition for vaccine compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.* (the "Vaccine
Program"). The petition seeks compensation for injuries allegedly related to Mr. Linnen's
receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table
(the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received his flu immunization on October 25, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused him to suffer Guillian-Barré Syndrome
("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action
for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer GBS or any other
injury or condition.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

a. A lump sum of $150,000.00, in the form of a check payable to petitioner. This
   amount represents compensation for all damages, other than past medical
   expenses, that would be available under 42 U.S.C. § 300aa-15(a);

b. A lump sum of $115,529.28, for past medical expenses, in the form of a check
   payable jointly to petitioner and

> MUSC Health
> P.O. Box 932933
> Atlanta, GA 31193
> Acct #: 104199831

Petitioner agrees to endorse this payment to MUSC Health;

c. A lump sum of $189.13, for past medical expenses, in the form of a check payable
   jointly to petitioner and

> Inlet Cardiopulmonary Associates
> P.O. Box 1169
> Pauleys Island, SC 29585
> Acct #: 136309

Petitioner agrees to endorse this payment to Inlet Cardiopulmonary Associates; and

d. A lump sum of $1,157.63, for past medical expenses, in the form of a check
   payable jointly to petitioner and

> Georgetown Hospital System
> P.O. Box 421718
> Georgetown, SC 29442
> Attention: Cathy Johnson, Legal Coordinator
> Acct #: G6428656

2

Petitioner agrees to endorse this payment to Georgetown Hospital System.

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, on behalf of his heirs, executors, administrators, successors or assigns, does

3

forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 25, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about November 2, 2012, in the United States Court of Federal Claims as petition No. 12-746V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the

4

items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

### END OF STIPULATION

5

Respectfully submitted,

**PETITIONER:**

ANDREW LINNEN

**ATTORNEY OF RECORD FOR
PETITIONER:**

LAWRENCE R. COHAN
ANAPOL SCHWARTZ WEISS COHAN
FELDMAN & SMALLEY
1710 Spruce Street
Philadelphia, PA  19103
(215) 790-4567

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: **2-19-2014**

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR
RESPONDENT:**

TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-1589
traci.patton@usdoj.gov

6